JUDGE KAPLAN

08 CV 5448

DOV KESSELMAN (DK-6571)
ROSEMARY JOYCE (RJ-7383)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500
Attorneys for Defendants Terminix International, Inc.
and The ServiceMaster Company

RECEIVED
JUN 1 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREA GRAVAGNA,

                           Plaintiff,

        v.

TERMINIX INTERNATIONAL, INC.,
THE SERVICEMASTER COMPANY,
JENNIFER HOWARD,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. _____

**NOTICE OF REMOVAL**

       Defendants Terminix International, Inc. ("Terminix") and The ServiceMaster Company ("SMC") (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1332 and 1441, file this Notice of Removal with respect to the case identified as <u>Andrea Gravagna v. Terminix International, Inc., The ServiceMaster Company, and Jennifer Howard</u>, Index No. 106938/08, from the Supreme Court of the State of New York, County of New York.  In support of this Notice, Defendants state as follows:

<b><u>Timeliness of Removal</u></b>

       1.      Upon information and belief, on or about May 19, 2008, plaintiff Andrea Gravagna ("Plaintiff") filed a Verified Complaint with the Clerk of the Supreme Court of the State of New York, County of New York.  (A true and correct copy of the Summons and

Verified Complaint is annexed hereto as Exhibit A). Terminix was served with the Verified Complaint by personal service on May 28, 2008.[1]

2.     This Notice of Removal is timely served pursuant to 28 U.S.C. § 1446(b), having been filed within thirty (30) days after Defendants' initial receipt of the Verified Complaint, which is the "pleading . . . from which it may first be ascertained that the case is one which is . . . removable."

## Basis for Removal

3.     The ground for removal is diversity of citizenship under 28 U.S.C. § 1332, in that:

(a) plaintiff Gravagna is a citizen of the State of New York, with a place of residence in Queens County;

(b) defendant Terminix is a citizen of the State of Tennessee and the Sate of Delaware, in that it is a corporation existing under the laws of Delaware with its principal place of business in Tennessee; and;

(c) defendant The ServiceMaster Company is a citizen of the State of Tennessee and the State of Delaware, in that it is a corporation existing under the laws of Delaware with its principal place of business in Tennessee; and

(d) defendant Jennifer Howard is a citizen of the State of Massachusetts.

Accordingly, this action is one in which none of the defendants are a citizen of the state in which plaintiff resides.

4.     Additionally, according to the Complaint, the amount in controversy herein is $25 million in compensatory damages and clearly seeks in excess of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

5.     Because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000.00, this Court has jurisdiction over the case under the provisions of

---

[1]     Upon information and belief, defendant Howard has not yet been served by Plaintiff. However, Howard has indicated her intention to remove if and when she is properly served.

28 U.S.C. § 1441(b).

6.     Venue lies in this Court pursuant to 28 U.S.C. §§ 1441, and 1446(a). This action was brought originally in the Supreme Court of the State of New York, County of New York, and Plaintiff resides in the County of Queens, State of New York.

7.     Defendants will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, at the Courthouse located at 60 Centre Street, New York, NY 10007, to effect removal of this action to this Court pursuant to 28 U.S.C. § 1446(d).

8.     Defendants reserve all defenses. Defendants are removing this action to federal court in order to compel arbitration of this dispute pursuant to the parties' arbitration agreement. Defendants intend to file a motion to compel arbitration in this Court promptly after this removal is effectuated.

WHEREFORE, Defendants prays that the above-referenced civil action proceed in the United States District Court for the Southern District of New York as an action properly removed hereto.

Dated: New York, New York
         June 16, 2008

SEYFARTH SHAW LLP

By _____
   Dov Kesselman (DK-6571)
   Rosemary Joyce (RJ-7383)
   620 Eighth Avenue, 32nd Floor
   New York, New York 10018-1405
   (212) 218-5500
   Attorneys for Defendants Terminix International,
   Inc. and The ServiceMaster Company

3

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

ANDREA GRAVAGNA,

      Plaintiff

   -against-

TERMINIX INTERNALTIONAL, INC.,
THE SERVICEMASTER COMPANY,
JENNIFER HOWARD,

      Defendants.

------------------------------------------------------------------x

Index No.: 106958/08
Date Purchased:

Plaintiff(s) designate(s)
NEW YORK COUNTY
as the place of trial

The basis of the venue is
Defendant's Residence

**SUMMONS**

Plaintiff resides at:
County of Queens
166-31 9th Avenue
Whitestone, NY 11357

To the above named Defendant(s)

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
    May 6, 2008

Defendant's address:

TERMINIX INTERNATIONAL, INC.
C/O C T CORPORATION SYSTEM
NEW YORK, NEW YORK 10011

THE SERVICEMASTER COMPANY
C/O C T CORPORATION SYSTEM
NEW YORK, NEW YORK 10011

JENNIFER HOWARD
30-50 WHITESTONE EXPRESSWAY
SUITE 100
FLUSHING, NEW YORK 11354

MARK L. LUBELSKY AND ASSOCIATES

Mark L. Lubelsky, Esq.
Attorneys for Plaintiff(s)
123 West 18th Street, 8th Floor
New York, New York 10011
(212) 242-7480
FILE: 6575

NEW YORK
COUNTY CLERKS OFFICE

MAY 19 2008

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
ANDREA GRAVAGNA,

        Plaintiff,

     - against -

TERMINIX INTERNATIONAL, INC.,
THE SERVICEMASTER COMPANY
JENNIFER HOWARD,

        Defendants.
---------------------------------------------------------------x

**VERIFIED COMPLAINT**

Index No.:

10bq78/08

       Plaintiff, by her attorneys, MARK L. LUBELSKY AND ASSOCIATES, complaining of the

Defendants, alleges as follows:

## PARTIES

1.  Plaintiff ANDREA GRAVAGNA is a resident of the State of New York, United States of America.

2.  Defendant TERMINIX INTERNATIONAL, INC., (hereinafter, "TERMINIX") is a corporation

doing business in New York and is subject to the jurisdiction of this Court.

3.  Defendant THE SERVICEMASTER COMPANY (hereinafter, "SERVICEMASTER") is a

corporation doing business in New York and is subject to the jurisdiction of this Court.

4.  Defendant TERMINIX is a corporation maintaining a place of business within New York City, New

York County, and New York State.

5.  Defendant SERVICEMASTER is a corporation maintaining a place of business within New York

City, New York County, and New York State.

6.  Defendant TERMINIX is a corporation authorized to do business in the State of New York.

7.  Defendant SERVICEMASTER is a corporation authorized to do business in the State of New York.

8.  Upon information and belief, Defendant TERMINIX at all material times herein employed Defendant JENNIFER HOWARD.

9.  Upon information and belief, Defendant SERVICEMASTER at all material times herein employed Defendant JENNIFER HOWARD.

10. Upon information and belief, Defendant JENNIFER HOWARD at all material times herein maintained a supervisory and/or managerial position with Defendant TERMINIX.

11. Upon information and belief, Defendant JENNIFER HOWARD at all material times herein maintained a supervisory and/or managerial position with Defendant SERVICEMASTER.

## FACTS

12. Defendants unlawfully terminated Plaintiff ANDREA GRAVAGNA on account of her age and in retaliation for her complaints of unlawful discrimination.

13. Defendant JENNIFER HOWARD aided and abetted TERMINIX and SERVICEMASTER's unlawful termination of Plaintiff ANDREA GRAVAGNA on account of her age and in retaliation for her complaints of unlawful discrimination.

14. Defendants TERMINIX and SERVICEMASTER subjected Plaintiff ANDREA GRAVAGNA to a hostile work environment on account of her age and in retaliation to her complaints of unlawful discrimination.

15. Defendant JENNIFER HOWARD subjected Plaintiff ANDREA GRAVAGNA to a hostile work environment on account of her age and in retaliation to her complaints of unlawful discrimination.

16. Defendants TERMINIX and SERVICEMASTER discriminated against Plaintiff ANDREA GRAVAGNA on account of her age and in retaliation her for complaints of discrimination.

2

17. Defendant JENNIFER HOWARD intentionally aided and abetted Defendants TERMINIX and
SERVICEMASTER's discrimination against Plaintiff ANDREA GRAVAGNA on account of her age
and in retaliation for her complaints of discrimination.

18. On or about February 16, 2007, Defendants TERMINIX and SERVICEMASTER hired Plaintiff
ANDREA GRAVAGNA as an account manager.

19. Plaintiff ANDREA GRAVAGNA was hired by the Defendants TERMINIX and
SERVICEMASTER at the branch location at 30-50 Whitestone Expressway, Flushing, New York.

20. Plaintiff was qualified for her position at all material times herein.

21. From the onset of Plaintiff ANDREA GRAVAGNA's employment, she was treated differently than
other similarly situated employees on account of her age.

22. Defendants retaliated against Plaintiff ANDREA GRAVAGNA when she complained about the
hostile work environment, harassment and age discrimination.

23. Throughout the duration of her employment at Defendants TERMINIX and SERVICEMASTER,
Plaintiff ANDREA GRAVAGNA suffered a multitude of adverse employment actions including but not
limited to failure to train, denial of orientation, withholding of performance evaluations, issuance of a
false discipline report, verbal harassment, hostile work environment, retaliation after complaints of
discrimination, wrongful discharge as well as physical assault.

24. Throughout the duration of her employment Defendants TERMINIX and SERVICEMASTER
refused to provide Plaintiff ANDREA GRAVAGNA with adequate job training including but not
limited to refusing to train her on the computer program called "Mission", an integral aspect of
employment.

25. Throughout the duration of her employment, Plaintiff ANDREA GRAVAGNA requested appropriate computer training but Defendant JENNIFER HOWARD repeatedly refused Plaintiff's requests and responded with disparaging remarks about Plaintiff's age.

26. Despite Defendants' intentional failure to train Plaintiff ANDREA GRAVAGNA, Plaintiff received an overwhelmingly positive 30-Day Performance Evaluation.

27. . Plaintiff ANDREA GRAVAGNA was at an extreme disadvantage compared to other employees on account of her lack of computer training and the hostility to which she was subjected.

28. Defendants TERMINIX and SERVICEMASTER failed to provide Plaintiff ANDREA GRAVAGNA with 60-Day and 90-Day Performance Evaluations.

29. Defendants TERMINIX and SERVICEMASTER has a policy and procedure to provide employees with 60-Day and 90-Day Performance Evaluations.

30. Defendants TERMINIX and SERVICEMASTER failed to provide Plaintiff ANDREA GRAVAGNA with a 6-month orientation period.

31. Defendants TERMINIX and SERVICEMASTER have a policy and procedure to provide employees with a 6-month orientation period.

32. In or about mid-April 2007, Plaintiff ANDREA GRAVAGNA complained to Defendant JENNIFER HOWARD that she did not feel she had been treated fairly and equally with regard to her training and Defendant JENNIFER Howard responded, "I know, it's hard for older people to get in the swing of things." Plaintiff ANDREA GRAVAGNA told Ms. Howard that she took offense to the comment, which seemed to have the opposite effect Plaintiff expected. Thereafter, comments of this nature from Ms. Howard became commonplace.

33. In or about late-April 2007, Plaintiff ANDREA GRAVAGNA complained to Defendant JENNIFER HOWARD regarding her lack of training on the "Mission" computer program. Plaintiff said, "You're

4

not treating me properly, I need to be taught how to use Mission." Defendant JENNIFER HOWARD

responded, "I know it's hard for older people, they aren't very computer savvy."

34. In or about mid-April 2007, Plaintiff ANDREA GRAVAGNA complained to employee Karla

Arana, "Jennifer never told me how to do this, she looks at me like I am older, not computer savvy and

not as smart."

35. In or about mid-April 2007, Plaintiff ANDREA GRAVAGNA complained to employee Jose

Morales, "Jennifer never took time to show me because I am older than the rest of you"

36. In or about June 2007, Regional Director Bill Gausch visited the Terminix branch at which Plaintiff

ANDREA GRAVAGNA worked. Mr. Gausch asked Plaintiff for copies of the proposals from

"Mission" that she had submitted to potential clients. Plaintiff said, "I can't do that, I don't know how

to do that." Mr. Gausch responded, "Didn't Jennifer [Howard] show you how to use Mission?" Ms.

Gravagna complained, "No, she never did. She doesn't think I can learn how to use the computer

because I'm too old."

37. On or about July 7, 2007, Plaintiff ANDREA GRAVAGNA complained to employee Karla Arana,

"I'm going to bring her into court for this [forcing her to sign the corrective action report]; I am going to

make a complaint of age discrimination."

38. On or about July 7, 2007, Plaintiff ANDREA GRAVAGNA informed Defendant JENNIFER

HOWARD that she was going to file a complaint of discrimination.

39. On or about July 9, 2007, Plaintiff ANDREA GRAVAGNA submitted a complaint to the New York

State Division of Human Rights (hereinafter "SDHR").

40. On or about July 23, 2007, Plaintiff ANDREA GRAVAGNA was terminated and subsequently

physically assaulted.

41. On or about September 24, 2007, defense counsel Rosemary Joyce of Seyfarth Shaw, submitted a Position Statement to the SDHR, responding to the complaint previously submitted by Plaintiff ANDREA GRAVAGNA.

42. On or about November 1, 2007, plaintiff's counsel submitted a Rebuttal to the SDHR, responding to the Position Statement of Defendant TERMINIX.

43. The SDHR scheduled the matter for a conference between all parties for January 15, 2008, during which time the SDHR would gather information and evidence necessary for a determination in the case.

44. On or about January 9, 2008, plaintiff's counsel and defense counsel Rosemary Joyce spoke regarding the action then pending in SDHR. Plaintiff's counsel stated its intention to request a dismissal of the action from SDHR prior to January 15, 2008 conference in order to commence a state court action. Plaintiff's counsel additionally discussed entering into settlement negotiations. (See, Confirming Correspondence dated January 10, 2008 attached hereto as Exhibit A).

45. On or about January 11, 2008, plaintiff's counsel and defense counsel again spoke and defense counsel merely informed plaintiff's counsel that it was not interested in settlement at that time. Defense counsel provided no further information whatsoever.

46. Plaintiff ANDREA GRAVAGNA had no recollection of her own of having signed arbitration agreement.

47. As a result, on or about January 11, 2008, plaintiff's counsel requested a dismissal of the action from the SDHR so that Plaintiff could pursue a remedy in state court. Correspondence to both the SDHR and defense counsel explained that a state court action would be commenced. (See, Request for Dismissal dated January 11, 2008 attached hereto as Exhibit B).

48. On or about January 11, 2008, plaintiff's counsel also sent correspondence to defense counsel whereby plaintiff's counsel inquired as to whether defense counsel would accept service of a state court

6

on behalf of Defendant TERMINIX. (See, Correspondence dated January 11, 2008 attached hereto as Exhibit C).

49. On or about January 15, 2008, the SDHR dismissed Plaintiff ANDREA GRAVAGNA's complaint. (See, SDHR Dismissal of Complaint dated January 15, 2008 attached hereto as Exhibit D).

50. On or about January 16, 2008, defense counsel informed plaintiff's counsel via telephone, for the first time, of the existence of an arbitration agreement. (See, Confirming Correspondence dated January 17, 2008 with attached Arbitration Agreement attached hereto as Exhibit E)

51. It is plainly evident that defense counsel hid the existence of any arbitration agreement prior to this correspondence, as an arbitration agreement would preclude commencement of a state court action.

52. Defense counsel obviously knew that Plaintiff's counsel was not in possession of, and did not know of the existence of, the arbitration agreement. However, defense counsel intentionally failed to either provide plaintiff's counsel with a copy of the arbitration agreement or even inform Plaintiff's counsel that an arbitration agreement existed.

53. Though Plaintiff is now aware of the alleged arbitration agreement, it is Plaintiff's position that Defendants have waived their right to invoke arbitration on account of the intentional and malicious conduct of Defendants. Plaintiff has been prejudiced, as she has been deprived of a substantive statutory remedy to prosecute her allegations of discrimination with an administrative agency, on account of defense counsel's hide-and-seek with documents.

## FIRST CAUSE OF ACTION

54. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "53" inclusive, with the same force and effect as if more fully set forth at length herein.

7

55. Defendants TERMINIX and SERVICEMASTER engaged in unlawful discriminatory practice by discriminating against Plaintiff ANDREA GRAVAGNA with regard to the terms and conditions of employment because of her age and in retaliation to her complaints of unlawful discrimination in violation of New York State Executive Law, Human Rights Law, sections 291 and 296, et. seq.

56. Defendant JENNIFER HOWARD aided and abetted Defendants TERMINIX and SERVICEMASTER by discriminating against Plaintiff ANDREA GRAVAGNA with regard to the terms and conditions of employment on account of her age and in retaliation to her complaints of discrimination in violation of New York State Executive Law, Human Rights law, sections 291 and 296, et. seq.

57. Defendants acted with specific intent and/or malice and/or reckless and/or callous disregard of Plaintiff's civil rights and Defendants' civil obligation.

58. Defendants acted with a criminal like indifference to Plaintiff's civil rights and to Defendants' civil obligations.

59. Pursuant to the aforementioned, Plaintiff demands a monetary award of the following:

      a)      A monetary award of damages to Plaintiff retroactive, for all lost wages and benefits resulting from Defendants' unlawful termination of Plaintiff on account of her age and in retaliation for her complaints of discrimination, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

      b)      A monetary award of future income to Plaintiff in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits Plaintiff would have been expected to earn during Plaintiff's entire lifetime had it not been for Defendants' unlawful employment practice;

8

c)    A monetary award to Plaintiff for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury to Plaintiff's reputation in an amount to be proven;

d)    A monetary award to Plaintiff for punitive damages;

e)    An award to Plaintiff for attorneys' fees, costs and expenses incurred in the prosecution of this action;

f)    A monetary award to Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy defendants' unlawful employment practices.

60. That as a result of the foregoing, Plaintiff ANDREA GRAVAGNA has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## SECOND CAUSE OF ACTION

61. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "60" inclusive, with the same force and effect as if more fully set forth at length herein.

62. Defendants TERMINIX and SERVICEMASTER engaged in unlawful discriminatory practice by discriminating against Plaintiff ANDREA GRAVAGNA with regard to the terms and conditions of employment because of her age and in retaliation to her complaints of unlawful discrimination in violation of New York City Administrative Code Section 8-107 et. seq.

63. Defendant JENNIFER HOWARD aided and abetted Defendants TERMINIX and SERVICEMASTER by discriminating against Plaintiff ANDREA GRAVAGNA with regard to the terms and conditions of employment on account of her age and in retaliation to her complaints of discrimination in violation of New York City Administrative Code Section 8-107 et. seq.

9

64. Defendants acted with specific intent and/or malice and/or reckless and/or callous disregard of Plaintiff's civil rights and Defendants' civil obligation.

65. Defendants acted with a criminal like indifference to Plaintiff's civil rights and to Defendants' civil obligations.

66. Pursuant to the aforementioned, Plaintiff demands a monetary award of the following:

a)    A monetary award of damages to Plaintiff retroactive, for all lost wages and benefits resulting from Defendants' unlawful termination of Plaintiff on account of her age and in retaliation for her complaints of discrimination, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

b)    A monetary award of future income to Plaintiff in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits Plaintiff would have been expected to earn during Plaintiff's entire lifetime had it not been for defendants' unlawful employment practice;

c)    A monetary award to Plaintiff for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury to Plaintiff's reputation in an amount to be proven;

d)    A monetary award to Plaintiff for punitive damages;

e)    An award to Plaintiff for attorneys' fees, costs and expenses incurred in the prosecution of this action;

f)    A monetary award to Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy defendants' unlawful employment practices.

10

67. That as a result of the foregoing, Plaintiff ANDREA GRAVAGNA has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## THIRD CAUSE OF ACTION

68. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "67" inclusive, with the same force and effect as if more fully set forth at length herein.

69. Defendants TERMINIX, SERVICEMASTER and JENNIFER HOWARD intentionally and/or recklessly engaged in extreme and outrageous conduct, which resulted in Plaintiff ANDREA GRAVAGNA suffering severe emotional distress.

70. Defendants acted with specific intent and/or malice and/or reckless and/or callous disregard of Plaintiff's civil rights and Defendants' civil obligation.

71. Defendants acted with a criminal like indifference to Plaintiff's civil rights and to Defendants' civil obligations.

72. That as a result of the foregoing damages Plaintiff should be awarded a monetary sum in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## FOURTH CAUSE OF ACTION

73. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "72" inclusive, with the same force and effect as if more fully set forth at length herein.

74. By subjecting Plaintiff to a hostile work environment, retaliating against Plaintiff on account of her complaints of discrimination and for unlawful termination on account of Plaintiff's age and in retaliation for her complaints of discrimination, Defendants TERMINIX, SERVICEMASTER and JENNIFER HOWARD committed an egregious, malicious and willful tortious act in violation of state and city laws.

11

75. Defendants TERMINIX, SERVICEMASTER and JENNIFER HOWARD acted with specific intent and/or malice and/or reckless and/or callous disregard of Plaintiff's civil rights and Defendants' civil obligations.

76. Defendants TERMINIX, SERVICEMASTER and JENNIFER HOWARD acted with a criminal like indifference to Plaintiff's civil rights and to Defendants' civil obligations.

77. Defendants TERMINIX, SERVICEMASTER and JENNIFER HOWARD's conduct was directed at the public generally.

78. An award of punitive damages is necessary to deter the Defendants and other similarly situated from engaging in similarly egregious conduct in the future.

79. That as a result of the foregoing Plaintiff should be awarded a monetary award of punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## FIFTH CAUSE OF ACTION FOR ASSAULT AND BATTERY

80. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "79" inclusive, with the same force and effect as if more fully set forth at length herein.

81. Plaintiff was assaulted and/or battered by Defendant JENNIFER HOWARD.

82. Defendant JENNIFER HOWARD's actions toward Plaintiff put Plaintiff in imminent apprehension of harmful contact.

83. Defendant JENNIFER HOWARD intentionally touched Plaintiff without Plaintiff's consent.

84. Defendant JENNIFER HOWARD intentionally made bodily contact in an offensive in nature with Plaintiff, without Plaintiff's consent.

85. That as a result of the foregoing Plaintiff should be awarded a monetary award in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

12

WHEREFORE, Plaintiff demands a judgment against Defendant in the sum of FIVE MILLION

DOLLARS ($5,000,000.00) on the first cause of action; in the sum of FIVE MILLION DOLLARS

($5,000,000.00) on the second cause of action; in the sum of FIVE MILLION DOLLARS

($5,000,000.00) on the third cause of action; in the sum of FIVE MILLION DOLLARS

($5,000,000.00) on the fourth cause of action, in the sum of FIVE MILLION DOLLARS

($5,000,000.00) on the fifth cause of action; together with the costs and disbursements of this action

and interest form the date of verdict rendered thereon.


Dated:        New York, New York            MARK L. LUBELSKY AND ASSOCIATES
              May 6, 2008


                                            By:
                                                Mark L. Lubelsky, Esq.
                                                Attorneys for Plaintiff
                                                123 West 18th Street, 8th Floor
                                                New York, NY 10011
                                                212-242-7480


13

## CLIENT VERIFICATION

ANDREA GRAVAGNA, being duly sworn deposes and says the following under the penalties of perjury:

I am the plaintiff in the within action, and as such, I am fully familiar with all the facts and circumstances herein. I have read the foregoing VERIFIED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true.

Dated:    New York, New York
          May 6, 2008

                                        _____
                                        ANDREA GRAVAGNA

State of New York     )
                      ) ss.:
County of New York    )

On the    6    day of    May    in the year 2008 before me, the undersigned, a
Notary Public in and for the State, personally appeared ANDREA GRAVAGNA,
personally known to me or proved to me on the basis of satisfactory evidence to be the
individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their capacity(ies), and that by
his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of
which the individual(s) acted, executed the instrument

_____

**Diana Morales**
**Notary Public:State of New York**
**No.01MO6183056**
**Qualified in Bronx County**
**Commission Expires March.10.20/8**

## MARK L. LUBELSKY AND ASSOCIATES
ATTORNEYS AT LAW

123 WEST 18th STREET, 8th FLOOR
NEW YORK, NEW YORK 10011
TELEPHONE: (212) 242-7480
FACSIMILE: (646) 619-4631

<u>VIA FACSIMILE AND FIRST CLASS MAIL</u>

January 10, 2008

Ms. Rosemary Joyce
Seyfarth Shaw
620 Eighth Avenue
New York, NY 10018

Re: Gravagna, Andrea v. Terminix
DHR Case No.: 10118919
Federal Case No.: 16GA703979
File no.: 6575

Dear Rosemary:

I write this letter to memorialize our conversation of January 9, 2008.

During that conversation we discussed the above-referenced matter. I indicated our intention to remove the action from the State Division of Human Rights prior to the currently scheduled conference of January 15, 2008, and commence a state court action and/or file an EEOC charge of discrimination, the administrative prerequisite to commencement in federal court.

We discussed a potential resolution of the matter and you indicated that defense counsel would respond to plaintiff's counsel by today, January 10, 2008, so that plaintiff's counsel could proceed accordingly.

Please promptly advise of your position on this matter.

Thank you.

Very truly yours,

MARK L. LUBELSKY AND ASSOCIATES

David Gottlieb

# MARK L. LUBELSKY AND ASSOCIATES
ATTORNEYS AT LAW

· 123 WEST 18ᵗʰ STREET, 8ᵗʰ FLOOR
NEW YORK, NEW YORK 10011
TELEPHONE: (212) 242-7480
FACSIMILE: (646) 619-4631

January 11, 2008

Mr. Stewart Palatnik
State Division of Human Rights
Brooklyn Regional Office
55 Hanson Place, Room 304
Brooklyn, NY 11217

Re: Gravagna, Andrea v. Terminix
DHR Case No.: 10118919·
Federal Case No.: 16GA703979
File no.: 6575

Dear Stewart:

I write this letter to memorialize our conversation earlier today, January 11, 2008.

During that conversation I explained that our client Andrea Gravagna, complainant in the above referenced matter, respectfully requests that the State Division of Human Rights dismiss her complaint on the grounds that the election of remedies is annulled. Ms. Gravagna shall maintain all rights to bring suit as if no complaint had been filed with the State Division of Human Rights.

Thank you for all your efforts on this matter. Please feel free to contact me for any reason.

Very truly yours,

MARK L. LUBELSKY AND ASSOCIATES

David Gottlieb

# MARK L. LUBELSKY AND ASSOCIATES
ATTORNEYS AT LAW

123 WEST 18th STREET, 8th FLOOR
NEW YORK, NEW YORK 10011
TELEPHONE: (212) 242-7480
FACSIMILE: (646) 619-4631

VIA FACSIMILE AND FIRST CLASS MAIL

January 11, 2008

Ms. Rosemary Joyce
Seyfarth Shaw
620 Eighth Avenue
New York, NY 10018

Re: Gravagna, Andrea v. Terminix International
File no.: 6575

Dear Rosemary:

I write this letter to inform you that the above-referenced matter has been withdrawn from the State Division of Human Rights.

Please advise if you will accept service of the state court complaint.

A courtesy copy of our EEOC charge of discrimination will be forthcoming as well.

Please feel free to contact me.

Very truly yours,

MARK L. LUBELSKY AND ASSOCIATES

David Gottlieb

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

ANDREA GRAVAGNA,

                        Complainant,

                v.

TERMINIX INTERNATIONAL, INC.,
                        Respondent.

---

ANNULMENT
DETERMINATION

Case No.
10118919

Federal Charge No. 16GA703979

On 7/10/2007, Andrea Gravagna filed a verified complaint
with the New York State Division of Human Rights ("Division")
charging the above-named respondent with an unlawful
discriminatory practice relating to employment because of age in
violation of N.Y. Exec. Law, art 15 ("Human Rights Law").

Pursuant to Section 297.9 of the Human Rights Law, a
complainant, at any time prior to a hearing before a hearing
officer, may request that the Division dismiss the complaint and
annul the election of remedies so that the case may be pursued
in court, and the Division may, upon such request, dismiss that
case on the grounds that the complainant's election of an
administrative remedy is annulled.

The above named complainant has made such a request.   The
complaint is ordered dismissed, on the grounds that the
complainant's election of an administrative remedy is annulled.

Section 297.9 of the Human Rights Law provides that:

.... where the Division has dismissed such complaint on
the grounds of the administrative convenience, ...
such person shall maintain all rights to bring suit as
if no complaint had been filed.  ...  [I]f a complaint
is so annulled by the division, upon the request of
the party bringing such complaint before the division,
such party's rights to bring such cause of action
before a court of appropriate jurisdiction shall be
limited by the statute of limitations in effect in

such court at the time the complaint was initially
filed with the division.

PLEASE TAKE NOTICE that any party to this proceeding may
appeal this Determination to the New York State Supreme Court in
the County wherein the alleged unlawful discriminatory practice
took place by filing directly with such court a Notice of
Petition and Petition within sixty (60) days after service of
this Determination. A copy of this Notice and Petition must
also be served on all parties including General Counsel, State
Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx,
New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION
WITH THE STATE DIVISION OF HUMAN RIGHTS.

Dated: 1/15/01
        Brooklyn, New York

                        STATE DIVISION OF HUMAN RIGHTS

                By: _____
                    Joyce Yearwood-Drury
                    Director O.S.H.I.

- 2 -

**David Gottlieb**

| | |
|---|---|
| **From:** | Joyce, Rosemary [RJoyce@seyfarth.com] |
| **Sent:** | Thursday, January 17, 2008 11:29 AM |
| **To:** | dgottlieb@mllassociates.com |
| **Subject:** | Andrea Gravagna |



E-Copy Scan
01162008.pdf

Mr. Gottlieb,

Further to our discussion yesterday, attached please find a copy of the
Arbitration Agreement signed by Ms. Gravagna. As I noted during our
conversation, we are authorized to accept service on behalf of our
client, but we assume that you will be filing and serving a demand for
arbitration in light of the attached agreement. Please be advised that
if you do initiate a state court action, we will be forced to move to
compel arbitration and will seek attorneys' fees and costs associated
therewith.

<<E-Copy Scan 01162008.pdf>>

Please do not hesitate to contact me if you have any questions.

Thank you,
Rosemary

Please note our new office address:
Rosemary P. Joyce
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018-1405
(212) 218-5549 - Direct
(917) 344-1207 - Fax
rjoyce@seyfarth.com

Any tax information or written tax advice contained herein (including any attachments) is
not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax
penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed
pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of
the intended recipient(s). If you are not the intended recipient, any disclosure, copying,
distribution, or use of the contents of this information is prohibited and may be
unlawful. If you have received this electronic transmission in error, please reply
immediately to the sender that you have received the message in error, and delete it.
Thank you.

1

# TERMINIX

**THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP ARBITRATION AGREEMENT**

This Arbitration Agreement ("Agreement") is between The Terminix International Company Limited Partnership ("Employer" or "Company") and Employee. In consideration for the promises and undertakings set forth below, Employer and Employee agree to the following terms:

1.      **Agreement to Arbitrate All Employment Disputes.** Private arbitration is the referral of a dispute to an impartial third party, instead of a court or jury, for a final and binding decision. Any dispute arising out of Employee's employment and/or termination of employment with Employer will be submitted to binding arbitration in accordance with the then-current National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA"). Employer and Employee each expressly waive entitlement, if any, to have any such dispute heard before a court or a jury.

2.      **Arbitrable Claims.** Except as otherwise provided by law, this Agreement applies to any dispute arising out of or related to Employee's employment and/or termination of employment with Employer, including but not limited to, claims for breach of contract, express or implied, claims of discrimination and/or retaliation, claims alleging violation of public policy, whistleblower claims, torts and/or any other claims based upon any federal, state or local ordinance, regulation, statute, constitutional provision and any other non-statutory claims (excluding claims for workers compensation benefits and unemployment insurance benefits).

3.      **Initiating Arbitration.** In the case of a dispute involving statutory claims, arbitration is initiated by filing a demand for arbitration with the AAA in accordance with the AAA's applicable rules and procedures within the time limit established by statute. In the case of a dispute involving non-statutory claims, arbitration is initiated by filing a demand for arbitration with the AAA in accordance with the AAA's applicable rules and procedures within one year of the occurrence of the event giving rise to the non-statutory claim.

4.      **Time Limits for Initiating Arbitration.** Failure to initiate arbitration within the applicable statutory period or within the applicable one-year non-statutory period, or such extended period as may be mutually agreed upon in writing, will constitute a waiver of any and all claims and such claims will be forever barred. The arbitrator will resolve all disputes regarding the timeliness or propriety of the demand for arbitration. Rules and forms of the AAA may be obtained at any AAA office, at www.adr.org or by calling the AAA at 1- 800-778-7879.

5.      **Selection of the Arbitrator.** Both parties will attempt to agree upon a mutually acceptable arbitrator from the AAA's (or other mutually agreeable arbitration association/group) national employment panel. If the parties are unable to agree upon an arbitrator, then an arbitrator will be selected in accordance with the then-current National Rules for the Resolution of Employment Disputes of the AAA. The location of the arbitration proceeding will be in the general geographical vicinity of the place where the Employee last worked for the Company, unless each party to the arbitration agrees in writing otherwise.

6.      **Arbitrator's Authority.** The arbitration will be conducted in accordance with the then-current National Rules for the Resolution of Employment Disputes of the AAA. The Arbitrator will base the decision on the evidence presented at the hearing and in accordance with governing law, including statutory and judicial authority.   The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies will be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. The Arbitrator will issue a written decision, which will contain the essential findings and conclusions on which the decision is based. The Arbitrator's decision will be final and binding upon all parties.

7.      **Discovery.** The parties may engage in discovery in accordance with the then-current National Rules for the Resolution of Employment Disputes of the AAA.   The arbitrator will rule on all

1

# TERMINIX.

discovery disputes and may limit discovery to that reasonably necessary to arbitrate the issues presented.

8.      Fees. Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. The Employee will bear only those costs of arbitration that he or she would have borne if the Employee brought a claim covered by this Agreement in court.

9.      Award. Except as may be required by law, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both parties. A court of competent jurisdiction will have the authority to enter a judgment upon the award made pursuant to the arbitration.

10.     Right to File Administrative Complaint. Nothing in the Agreement will prevent Employee from filing a complaint with the Equal Employment Opportunity Commission or National Labor Relations Board, or any other federal or state agency.

11.     Governing Law. This Agreement will be governed and construed in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

12.     Integration. This Agreement and the Employee's Employment Agreement reflect the parties' full and final agreement relating to the resolution of arbitrable claims.

13.     Survivability. This Agreement will continue in full force and effect for the duration of the Employee's employment with the Company and will continue thereafter until termination through a written instrument signed by both parties. This Agreement, however, does not extend or waive any statutes of limitations or other provisions of law that specify the time within which any claim must be brought.

The Terminix International Company L.P.:

By: _Jennifer Howard_

Its: _BM_

Date: _2/15/07_

Employee:

_Andrea J. Gravagna_

_Andrea J Gravagna_
(Print Name)

_2-15-07_
Date

Revised 01/04/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ANDREA GRAVAGNA

       Plaintiff,

-against-

TERMINIX INTERNATIONAL, INC., THE SERVICEMASTER COMPANY,
JENNIFER HOWARD,

       Defendant.

## SUMMONS AND VERIFIED COMPLAINT

MARK L. LUBELSKY AND ASSOCIATES
Attorneys for Andrea Gravagna
ATTORNEYS AT LAW
123 WEST 18TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10011
(212) 242-7480
File No.: 6575

TO

Attorney(s) for

Service of a copy of the within
is hereby admitted.

Dated,

Attorney(s) for