UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREA GRAVAGNA,                                    :

                                                    :    Index No. 08-cv-5448 (LAK)

                              Plaintiff,            :

        v.                                          :

                                                    :    **DECLARATION OF**
TERMINIX INTERNATIONAL, INC.,                       :    **ROSEMARY JOYCE, ESQ.**
THE SERVICEMASTER COMPANY,                          :
JENNIFER HOWARD,                                    :

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


STATE OF NEW YORK      )
                       )        s.s:
COUNTY OF NEW YORK     )


        ROSEMARY JOYCE, ESQ., an attorney duly admitted to practice law in the State of

New York, under penalty of perjury, hereby declares:

        1.      I am a member of the Bar of this Court and an associate with the firm Seyfarth

Shaw LLP, attorneys for defendants Terminix International, Inc. ("Terminix") and the

ServiceMaster Company (collectively, "Defendants") in the above-captioned case.  This

declaration is based on my own personal knowledge and is submitted in support of Defendants'

motion for an Order (a) compelling arbitration of the claims alleged in the Verified Complaint of

plaintiff Andrea Gravanga; (b) staying this litigation pending the conclusion of arbitration

proceedings; and (c) granting Defendants their attorneys' fees and costs incurred in the bringing

of this motion.

        2.      Attached hereto as Exhibit A is a true and correct copy of the Arbitration

Agreement entered into by Plaintiff and Terminix on February 15, 2007, the first day of

Plaintiff's employment with Terminix.

Background of Plaintiff's Complaint with the New York State Division of
Human Rights and Her Withdrawal of the Complaint on the Eve of Hearing

3.      On or around August 3, 2007, the New York State Division of Human Rights ("NYSDHR" or the "Division") notified Terminix that Plaintiff had filed a complaint with the agency, alleging that Terminix had discriminated against her on the basis of age.  Terminix filed a Statement of Position with the State Division, denying the allegations in the Complaint, on September 24, 2007.

4.      On December 26, 2007, the NYSDHR contacted me for the first time since submission of Terminix's Statement of Position in September.  Stuart Palatnick, a Human Rights Specialist with the Division, indicated that the Division would now be focusing on this matter closely and was clearly placing it on the fast track for resolution.  In a follow-up letter to me that same day, the Division memorialized its requests for additional information from Terminix and further stated that it had been unable to get in contact with David Gottlieb, Plaintiff's attorney. (A copy of the Division's letter dated December 26, 2007 is attached hereto as Exhibit B.) Because of the Division's inability to reach Mr. Gottlieb, a two-party conference was tentatively scheduled for January 3, 2008.  Prior to this day, I was not aware that Mr. Gottlieb represented Plaintiff, as Mr. Gottlieb had never contacted me or identified himself as Plaintiff's attorney to me in the preceding months.

5.      It turned out, as Mr. Palatnick subsequently informed me, that Plaintiff was not available for the conference on January 3, and the conference was therefore postponed.  In the meantime, I quickly gathered the information the Division had requested on short notice and, at the suggestion of the Division, agreed to explore the possibility of conciliation or settlement.

6.      On or around December 31, 2007, I contacted Mr. Gottlieb to introduce myself and seek a settlement proposal from him.  I was unable to reach him and left him a voicemail to

NY1 26517904.2

this effect.  A week passed, and I did not hear back from Mr. Gottlieb – indeed, by the time I received a Notice of Conference from the NYSDHR on Monday, January 7, 2008 (attached hereto as Exhibit C), which scheduled the fact-finding conference for the following week on January 15, 2008 , I still had not heard back from Mr. Gottlieb.

7.     Some "phone tag" between me and Mr. Gottlieb ensued, and we did not speak for the first time until Wednesday, January 9, 2008.   During this phone conversation, Mr. Gottlieb made a settlement proposal for the first time.  I told Mr. Gottlieb that I would speak with my client about his proposal and get back to him as soon as possible.

8.     The following day (Thursday, January 10, 2008), Mr. Gottlieb sent me a letter asking me to "promptly advise" him of Terminix's position on settlement, or else he would remove the action from the Division, commence a state court action, and/or file a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  (A copy of this letter is attached hereto as Exhibit D.)  I called Mr. Gottlieb that same day and left him a voicemail advising Mr. Gottlieb that my client was out of town until that Friday (January 11, 2008), and that I would not be able to have a meaningful settlement discussion with my client until he returned.

9.     Rather than returning my phone call or waiting to hear what Terminix's position might be, Plaintiff's counsel hastily elected to send me a letter the following day (Friday, January 11, 2008), unilaterally informing me that "the matter has been withdrawn from the State Division of Human Rights" and asking whether I would "accept service of the state court complaint."  (See Exhibit E attached hereto.)

3

10.     Up until this point, I had been preparing for the January 15, 2008 fact-finding conference, was extremely confident in its case, and had every interest in proceeding before the Division.

11.     In any event, in conferring with my client on the issue of accepting service and reviewing the files after receiving Plaintiff's January 11 letter, it became apparent that Plaintiff was subject to an arbitration agreement, such that acceptance of service a state court complaint would not be appropriate.  I had not focused on this issue before because it was irrelevant to the NYSDHR proceedings, since no agreement could preclude Plaintiff's right to pursue an administrative complaint before the NYSDHR, and my actions were undertaken entirely in good faith.

12.     After the existence and applicability of the Agreement was confirmed (over the course what amounted to only three business days after having received Mr. Gottlieb's January 11 letter), I promptly called Mr. Gottlieb on Wednesday, January 16, 2008 and told him that while I would accept service on behalf of Terminix, it would have to be service of a demand for arbitration, rather than a state court complaint, in light of the agreement to arbitrate Plaintiff had signed.  Mr. Gottlieb asked me to provide him with a copy of arbitration agreement, which I immediately did, reiterating Terminix's position in no uncertain terms: "As I noted during our conversation, we are authorized to accept service on behalf of our client, but we assume that you will be filing and serving a demand for arbitration in light of the attached agreement.  Please be advised that if you do initiate a state court action, we will be forced to move to compel arbitration and will seek attorneys' fees and costs associated therewith".  (A copy of this e-mail correspondence is attached hereto as Exhibit F.)  As such, Mr. Gottlieb was on actual notice at

least as early as January 16, 2007 that his client was subject to a valid arbitration agreement – precluding a state court action – that Terminix intended to enforce.

13.    I did not hear from Plaintiff's counsel again until two months later, on or around March 14, 2008, when he called me and tried to resurrect the parties' settlement discussions.  At this time, Mr. Gottlieb suggested that Terminix had somehow "waived" its right to enforce the parties' settlement agreement because Mr. Gottlieb did not learn about the existence of the Agreement until the day after the case before the Division was officially closed.

14.    I again advised Mr. Gottlieb that the Agreement governed Plaintiff's dispute, and also explained that the Agreement was a non-issue during the proceedings before the Division, and that Terminix in no way "waived" its right to enforce the Agreement.

15.    Nevertheless, Plaintiff proceeded to file the instant Complaint with this Court after another two months had passed, on or around May 19, 2008 – at which point Plaintiff's counsel had been aware of the existence of the Agreement for at least five months.

16.    After Plaintiff filed this Complaint, we once again contacted counsel for Plaintiff on June 3, 2008 in a good faith effort to avoid unnecessary motion practice, which would only waste the time and resources of this Court, to again advise him of Plaintiff's obligation to arbitrate this dispute and of Defendants' intention to move to compel arbitration if Plaintiff insisted on ignoring this obligation and pursuing her claim in this Court.  My colleague, Dov Kesselman, asked Mr. Gottlieb to withdraw Plaintiff's Complaint and instead file a demand for arbitration in accordance with the parties' Agreement.  Mr. Gottlieb refused, thereby forcing Defendants to make the instant motion.

NY1 26517904.2

**Defendants Have Not Engaged in Any Litigation Nor Waived Their Right To Arbitration, and Plaintiff Has Not Been Prejudiced.**

17.     Defendants have not engaged in any litigation with Plaintiff, nor conducted any discovery or other actions that could be considered a waiver of its right arbitration.  Nor has Plaintiff experienced any prejudice that could raise an issue of waiver.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed on June 19, 2008

s/ Rosemary Joyce
Rosemary Joyce, Esq. (RJ-7383)

# EXHIBIT A

# TERMINIX

## THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP ARBITRATION AGREEMENT

This Arbitration Agreement ("Agreement") is between The Terminix International Company Limited Partnership ("Employer" or "Company") and Employee. In consideration for the promises and undertakings set forth below, Employer and Employee agree to the following terms:

1.    **Agreement to Arbitrate All Employment Disputes.** Private arbitration is the referral of a dispute to an impartial third party, instead of a court or jury, for a final and binding decision. Any dispute arising out of Employee's employment and/or termination of employment with Employer will be submitted to binding arbitration in accordance with the then-current National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA").   Employer and Employee each expressly waive entitlement, if any, to have any such dispute heard before a court or a jury.

2.    **Arbitrable Claims.** Except as otherwise provided by law, this Agreement applies to any dispute arising out of or related to Employee's employment and/or termination of employment  with Employer, including but not limited to, claims for breach of contract, express or implied, claims of discrimination and/or retaliation, claims alleging violation of public policy, whistleblower claims, torts and/or any other claims based upon any federal, state or local ordinance, regulation, statute, constitutional provision and any other non-statutory claims (excluding claims for workers compensation benefits and unemployment insurance benefits).

3.    **Initiating Arbitration.** In the case of a dispute involving statutory claims, arbitration is initiated by filing a demand for arbitration with the AAA in accordance with the AAA's applicable rules and procedures within the time limit established by statute. In the case of a dispute involving non-statutory claims, arbitration is initiated by filing a demand for arbitration with the AAA in accordance with the AAA's applicable rules and procedures within one year of the occurrence of the event giving rise to the non-statutory claim.

4.    **Time Limits for Initiating Arbitration.** Failure to initiate arbitration within the applicable statutory period or within the applicable one-year non-statutory period, or such extended period as may be mutually agreed upon in writing, will constitute a waiver of any and all claims and such claims will be forever barred. The arbitrator will resolve all disputes regarding the timeliness or propriety of the demand for arbitration. Rules and forms of the AAA may be obtained at any AAA office, at www.adr.org or by calling the AAA at 1- 800-778-7879.

5.    **Selection of the Arbitrator.** Both parties will attempt to agree upon a mutually acceptable arbitrator from the AAA's (or other mutually agreeable arbitration association/group) national employment panel. If the parties are unable to agree upon an arbitrator, then an arbitrator will be selected in accordance with the then-current National Rules for the Resolution of Employment Disputes of the AAA. The location of the arbitration proceeding will be in the general geographical vicinity of the place where the Employee last worked for the Company, unless each party to the arbitration agrees in writing otherwise.

6.    **Arbitrator's Authority.** The arbitration will be conducted in accordance with the then-current National Rules for the Resolution of Employment Disputes of the AAA.  The Arbitrator will base the decision on the evidence presented at the hearing and in accordance with governing law, including statutory and judicial authority.    The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies will be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. The Arbitrator will issue a written decision, which will contain the essential findings and conclusions on which the decision is based. The Arbitrator's decision will be final and binding upon all parties.

7.    **Discovery.** The parties may engage in discovery in accordance with the then-current National Rules for the Resolution of Employment Disputes of the AAA.  The arbitrator will rule on all

1

# TERMINIX

discovery disputes and may limit discovery to that reasonably necessary to arbitrate the issues presented.

8.    **Fees.** Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. The Employee will bear only those costs of arbitration that he or she would have borne if the Employee brought a claim covered by this Agreement in court.

9.    **Award.** Except as may be required by law, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both parties. A court of competent jurisdiction will have the authority to enter a judgment upon the award made pursuant to the arbitration.

10.    **Right to File Administrative Complaint.** Nothing in the Agreement will prevent Employee from filing a complaint with the Equal Employment Opportunity Commission or National Labor Relations Board, or any other federal or state agency.

11.    **Governing Law.** This Agreement will be governed and construed in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

12.    **Integration.** This Agreement and the Employee's Employment Agreement reflect the parties' full and final agreement relating to the resolution of arbitrable claims.

13.    **Survivability.** This Agreement will continue in full force and effect for the duration of the Employee's employment with the Company and will continue thereafter until termination through a written instrument signed by both parties. This Agreement, however, does not extend or waive any statutes of limitations or other provisions of law that specify the time within which any claim must be brought.

The Terminix International Company L.P.:

By: _Jennifer Howard_

Its: _BM_

Date: _2/15/07_

Employee: _Andrea J Gravagna_

_Andrea J Gravagna_
(Print Name)

_2-15-07_
Date

2

Revised 01/04/07

# EXHIBIT B



**NEW YORK STATE**
# DIVISION OF HUMAN RIGHTS
OFFICE OF SEXUAL HARASSMENT ISSUES
55 HANSON PLACE, ROOM 900
BROOKLYN, NEW YORK 11217

(718) 722-2060
Fax: (718) 722-4525
www.dhr.state.ny.us

ELIOT SPITZER
GOVERNOR

KUMIKI GIBSON
COMMISSIONER

## FAX COVER SHEET

==============================================================

### CONFIDENTIALITY NOTICE

This message and all accompanying documents are intended for the use
of the individual or entity to which this cover sheet is addressed
and may contain information that is PRIVILEGED and CONFIDENTIAL.  If
you are not the intended recipient or the employee or agent
responsible for delivering the message to the intended recipient and
have received this information in error, you are hereby notified that
any dissemination, distribution or copying of this communication is
prohibited.  Please notify us immediately by telephone if you receive
this transmission in error.  Thank you.

DATED: December 26, 2007

PLEASE DELIVER TO:  Rosemary Joyce, Esq.

FAX NUMBER DIALED:  212-218-5526

TOTAL NUMBER OF PAGES, INCLUDING THIS PAGE:  26

RE:       Andrea Gravagna v. Terminix International, Inc.
          CASE NO. 10118919

FROM:    Stuart R. Palatnick, HRS I
PHONE:    (718) 722-2060
FAX:      (718) 722-4525
==============================================================

MESSAGE  Document request, anticipating conference,
Complainant's rebuttal

PLEASE CONTACT THIS OFFICE
IF YOU DO NOT RECEIVE LEGIBLE COPIES OF ALL PAGES
OR IF THERE ARE ANY QUESTIONS



NEW YORK STATE
**DIVISION OF HUMAN RIGHTS**
OFFICE OF SEXUAL HARASSMENT ISSUES
55 HANSON PLACE, ROOM 900
BROOKLYN, NEW YORK 11217

(718) 722-2060
Fax: (718) 722-4525
www.dhr.state.ny.us

ELIOT SPITZER
GOVERNOR

KUMIKI GIBSON
COMMISSIONER

December 26, 2007

By Fax And Regular Mail

Rosemary Joyce, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018-1405
212-218-5526

Re: Andrea Gravagna v. Terminix International, Inc.
Case No. 10118919

Dear Rosemary Joyce, Esq.:

I am the Human Rights Specialist assigned to investigate this complaint. As we spoke about on the phone, the following information is currently required:

1. Complainant-signed form acknowledging expectation of $200K annual (~$17K monthly) sales
2. Sales figures showing Complainant's and comparator sales
3. Any evaluations done after the supplied 30-day evaluation.
4. Contact information for Edwin Cowan

Please provide the requested information by December 28, 2007

I have been unable to get in contact with Complainant's attorney David Gottlieb so I must anticipate that we WILL have to have a two-party conference here on January 3, 2008 at 1:00PM. I will fax and send the notice of conference later this afternoon unless I hear from Mr. Gottlieb.

In anticipation that we will have the conference, I am attaching a copy of Complainant's rebuttal to the response.

As I mentioned I must have a completed investigation to my Director no later than January 5, 2008 so anything you could do to expedite these requests is appreciated.

Thank you very much for your prompt attention to this
matter. Please do not hesitate to contact me with any questions
or concerns.

Very Truly Yours,

Stuart R. Palatnick
Human Rights Specialist I
718-722-2225
spalatnick@dhr.state.ny.us

- 2 -

# EXHIBIT C



**NEW YORK STATE**
**DIVISION OF HUMAN RIGHTS**
OFFICE OF SEXUAL HARASSMENT ISSUES
55 HANSON PLACE, ROOM 900
BROOKLYN, NEW YORK 11217

(718) 722-2060
Fax: (718) 722-4525
www.dhr.state.ny.us

**ELIOT SPITZER**
GOVERNOR

**KUMIKI GIBSON**
COMMISSIONER

## FAX COVER SHEET

===== =======================================================  ====================  ===

### CONFIDENTIALITY NOTICE

This message and all accompanying documents are intended for the use
of the individual or entity to which this cover sheet is addressed,
and may contain information that is PRIVILEGED and CONFIDENTIAL.   If
you are not the intended recipient or the employee or agent
responsible for delivering the message to the intended recipient and
have received this information in error, you are hereby notified that
any dissemination, distribution or copying of this communication is
prohibited.  Please notify us immediately by telephone if you receive
this transmission in error.  Thank you.

DATED: January 7, 2008

PLEASE DELIVER TO:  Rosemary Joyce, Esq.

FAX NUMBER DIALED:   212-218-5528*G*

TOTAL NUMBER OF PAGES, INCLUDING THIS PAGE:

RE:       Andrea Gravagna v. Terminix International, Inc.
          CASE NO. 10118919

FROM:    Stuart R. Palatnick, HRS I
PHONE:   (718) 722-2225
FAX:     (718) 722-4525

===== =========================================================  ==================  ===

MESSAGE: Notice of Conference

PLEASE CONTACT THIS OFFICE
IF YOU DO NOT RECEIVE LEGIBLE COPIES OF ALL PAGES
OR IF THERE ARE ANY QUESTIONS



**NEW YORK STATE**
**DIVISION OF HUMAN RIGHTS**
OFFICE OF SEXUAL HARASSMENT ISS ES
55 HANSON PLACE, ROOM 900
BROOKLYN, NEW YORK 11217

(718) 722-2060
Fax: (718) 722-4525
www.dhr.state.ny.us

ELIOT SPITZER
GOVERNOR

KUMIKI GIBSON
COMMISSIONER

January 7, 2008

**By Fax and Regular Mail**

David Gottlieb, Esq.                FAX: 646-619-4631
Mark L. Lubelsky and Associates
123 West 18th Street, 8th Floor
New York, NY 10011

Rosemary Joyce, Esq.                FAX: 212-218-5526
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018-1405

    Re:  Andrea Gravagna v. Terminix International, Inc.
         Case No. 10118919

Dear David Gottlieb, Esq. and Rosemary Joyce, Esq.:

    Enclosed please find the Notice of Conference for this
case. There might be amendments to the documents requested.
Please bring two copies, one for me and one for opposing
counsel, of any written materials you will be bringing to the
conference.

    Please note this fact-finding conference will cover all
potential violations of the Human Rights law, including those
not raised in the original complaint. Specifically, there is an
allegation that Complainant was terminated for filing the
instant complaint.

    Thank you very much for your prompt attention to this
matter. Please do not hesitate to contact me with any questions
or concerns.

                              Very Truly Yours,

                              Stuart R. Palatnick
                              Human Rights Specialist I
                              718-722-2225
                              spalatnick@dhr.state.ny.us

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

ANDREA GRAVAGNA,

                         Complainant,

              v.

TERMINIX INTERNATIONAL, INC.,
                       Respondent.

NOTICE OF CONFERENCE
AND
PRODUCTION OF RECORDS

Case No.
1:118919

Federal Charge No. 16GA703979

TO:  Complainant
     Andrea Gravagna
     156-31 9th Ave.
     Whitestone, NY 11357

TO:  Complainant Attorney
     David Gottlieb, Esq.
     Mark L. Lubelsky and Associates
     123 West 18th Street, 8th Floor
     New York, NY 10011

TO:  Respondent Attorney
     Rosemary Joyce, Esq.
     Seyfarth Shaw LLP
     620 Eighth Avenue
     New York, NY 10018-1405

YOU ARE HEREBY NOTIFIED to appear and attend before Joyce

Yearwood-Drury, the Director O.S.H.I. of the New York State

Division of Human Rights, or the duly designated representative,

**Stuart R. Palatnick**, Human Rights Specialist I, at the Division

offices located at: **55 Hanson Place, Room 900, Brooklyn, New**

**York, on Thursday, January 15, 2008, at 10:30AM** for a conference

in connection with the investigation in the above-captioned

proceeding with respect to a charge that the Respondent violated

§296 of the Human Rights Law.  You may bring a lawyer if you

desire, but it is not necessary for you to do so.  However, the

other side has also been so advised.

Please bring with you all other witnesses, books, records,

papers, and documents pertaining to this matter, including:

From Complainant:
• Anything including but not limited to documents, recordings
  or other media as well as any witnesses or witness
  statements that support your claim or otherwise pertain to
  this matter.

From Respondent
• Jennifer Howard
• Complainant's personnel file including any 'counseling'
  memos or other such notations
• Any documents related to Complainant's termination that are
  not in her personnel file.

Note: Government issued photo identification (such as a

drivers license) may be necessary for entry into the building.

Please contact Stuart R. Palatnick, Human Rights Specialist

I, at (718) 722-2225 within five business days of receipt of

this notice, to confirm that you will be attending the

conference.  NOTE: No adjournments will be granted unless

requested within five business days of receipt of this notice,

with suggested alternate dates provided.  Such requests must be

made in writing to the Human Rights Specialist assigned.  Only

one such adjournment request per party will be granted.

Requests for extensions of more than two weeks will not be granted.

Please address all requests, questions, and other communication to Stuart R. Palatnick, Human Rights Specialist I, at the above number.

Dated:    December 26, 2007
          Brooklyn, New York

STATE DIVISION OF HUMAN RIGHTS

By:

Joyce Yearwood-Drury
Director O.S.H.I.
Tel: (718) 722-2060
Fax: (718) 722-4525

- 3 -

# EXHIBIT D

# MARK L. LUBELSKY AND ASSOCIATES
ATTORNEYS AT LAW

123 WEST 18th STREET, 8th FLOOR
NEW YORK, NEW YORK 10011
TELEPHONE: (212) 242-7480
FACSIMILE: (646) 619-4631

**VIA FACSIMILE AND FIRST CLASS MAIL**

January 10, 2008

Ms. Rosemary Joyce
Seyfarth Shaw
620 Eighth Avenue
New York, NY 10018

> Re: Gravagna, Andrea v. Terminix
> DHR Case No.: 10118919
> Federal Case No.: 16GA703979
> File no.: 6575

Dear Rosemary:

I write this letter to memorialize our conversation of January 9, 2008.

During that conversation we discussed the above-referenced matter. I indicated our intention to remove the action from the State Division of Human Rights prior to the currently scheduled conference of January 15, 2008, and commence a state court action and/or file an EEOC charge of discrimination, the administrative prerequisite to commencement in federal court.

We discussed a potential resolution of the matter and you indicated that defense counsel would respond to plaintiff's counsel by today, January 10, 2008, so that plaintiff's counsel could proceed accordingly.

Please promptly advise of your position on this matter.

Thank you.

Very truly yours,

MARK L. LUBELSKY AND ASSOCIATES

David Gottlieb

# EXHIBIT E

# MARK L. LUBELSKY AND ASSOCIATES
ATTORNEYS AT LAW

123 WEST 18ᵗʰ STREET, 8ᵗʰ FLOOR
NEW YORK, NEW YORK 10011
TELEPHONE: (212) 242-7480
FACSIMILE: (646) 619-4631

VIA FACSIMILE AND FIRST CLASS MAIL

January 11, 2008

Ms. Rosemary Joyce
Seyfarth Shaw
620 Eighth Avenue
New York, NY 10018

Re: Gravagna, Andrea v. Terminix International
File no.: 6575

Dear Rosemary:

I write this letter to inform you that the above-referenced matter has been withdrawn from the State Division of Human Rights.

Please advise if you will accept service of the state court complaint.

A courtesy copy of our EEOC charge of discrimination will be forthcoming as well.

Please feel free to contact me.

Very truly yours,

MARK L. LUBELSKY AND ASSOCIATES

David Gottlieb

# EXHIBIT F

## David Gottlieb

| | |
|---|---|
| From: | Joyce, Rosemary [RJoyce@seyfarth.com] |
| Sent: | Thursday, January 17, 2008 11:29 AM |
| To: | dgottlieb@mllassociates.com |
| Subject: | Andrea Gravagna |



E-Copy Scan
01162008.pdf

Mr. Gottlieb,

Further to our discussion yesterday, attached please find a copy of the
Arbitration Agreement signed by Ms. Gravagna. As I noted during our
conversation, we are authorized to accept service on behalf of our
client, but we assume that you will be filing and serving a demand for
arbitration in light of the attached agreement. Please be advised that
if you do initiate a state court action, we will be forced to move to
compel arbitration and will seek attorneys' fees and costs associated
therewith.

<<E-Copy Scan 01162008.pdf>>

Please do not hesitate to contact me if you have any questions.

Thank you,
Rosemary

Please note our new office address:
Rosemary P. Joyce
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018-1405
(212) 218-5549 - Direct
(917) 344-1207 - Fax
rjoyce@seyfarth.com

Any tax information or written tax advice contained herein (including any attachments) is
not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax
penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed
pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of
the intended recipient(s). If you are not the intended recipient, any disclosure, copying,
distribution, or use of the contents of this information is prohibited and may be
unlawful. If you have received this electronic transmission in error, please reply
immediately to the sender that you have received the message in error, and delete it.
Thank you.