UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREA GRAVAGNA,                                    :
                                                    :   Index No. 08-cv-5448 (LAK-THK)
                                    Plaintiff,       :
            v.                                       :
                                                    :
                                                    :   **REPLY DECLARATION OF**
TERMINIX INTERNATIONAL, INC.,                       :   <u>**ROSEMARY JOYCE, ESQ.**</u>
THE SERVICEMASTER COMPANY,                          :
JENNIFER HOWARD,                                    :
                                                    :
                                    Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


STATE OF NEW YORK      )
                       )       s.s:
COUNTY OF NEW YORK     )


        ROSEMARY JOYCE, ESQ., an attorney duly admitted to practice law in the State of

New York, under penalty of perjury, hereby declares:

        1.      I am a member of the Bar of this Court and an associate with the firm Seyfarth

Shaw LLP, attorneys for defendants Terminix International, Inc. ("Terminix") and the

ServiceMaster Company (collectively, "Defendants") in the above-captioned case.  This reply

declaration is based on my own personal knowledge and is submitted in further support of

Defendants' motion for an Order (a) compelling arbitration of the claims alleged in the Verified

Complaint of plaintiff Andrea Gravanga; (b) staying this litigation pending the conclusion of

arbitration proceedings; and (c) granting Defendants their attorneys' fees and costs incurred in

the bringing of this motion, and to clarify and correct certain inaccuracies and misrepresentations

made in the Declaration of David Gottlieb, dated June 26, 2008 ("Gottlieb Decl.").

        2.      Mr. Gottlieb states that he received a voicemail message from me while Plaintiff's

complaint was pending before the New York State Division of Human Rights ("NYSDHR" or

the "Division") regarding possible conciliation of matter "later that week," during the week of January 3, 2008. (Gottlieb Decl. ¶ 8.) As stated in my earlier declaration, which Mr. Gottlieb does not refute, I actually called Mr. Gottlieb and left him on voicemail message regarding conciliation on December 31, 2007. He did not return my phone call until a week later on January 7, 2008 (which Mr. Gottlieb admits). Because of the ensuing "phone tag" between me and him over the next couple of days, Mr. Gottlieb and I did not speak for the first time until January 9, 2008.

3.    Plaintiff's representation in her opposition papers that there were "many conversations" between Mr. Gottlieb and me before Plaintiff withdrew her complaint from the NYSDHR on January 11, 2008 is false, as there was only one conversation (which was on January 9, 2008). Mr. Gottlieb falsely states that January 11, 2008, he and I "again spoke" and that I "informed [him] that Defendants were not interested in a settlement at that time." (Gottlieb Decl. ¶ 13.) We did not speak on January 11, 2008, much less before he sent his January 11, 2008 letter withdrawing his case from the NYSDHR (which was faxed to me the morning of January 11th), and indeed, Mr. Gottlieb's January 11th letter makes no reference to any earlier conversation with me.

4.    Contrary to Mr. Gottlieb's mischaracterization of my initial declaration, I did not become aware of the arbitration agreement on Friday, January 11, 2008. Rather, on the following Monday and Tuesday, after being alerted to the existence of the arbitration agreement in response to inquiring as to Mr. Gottlieb's letter's request that we accept service of the State Court complaint, I verified the agreement's applicability, while I was engaged in other work and matters as well. I called Mr. Gottlieb immediately after I confirmed its applicability on Wednesday, January 16, 2008.

5.      Furthermore, contrary to Plaintiff's implication that Defendants were aware of the official Annulment and Determination by the NYSDHR dismissing Plaintiff's complaint from the Division dated January 15, 2008, in fact I and Defendants were not aware of the official annulment until well after January 16, 2008.  Indeed, the Annulment and Determination was just mailed out and postmarked on January 15, 2008, so I had not received it before speaking with Mr. Gottlieb on January 16, 2008.

6.      Upon information and belief, Mr. Gottlieb did not seek to retract Plaintiff's annulment, reopen the Division's investigation, appeal the annulment, or make any other effort to have her complaint restored with the Division at that time, or at any time thereafter.  Mr. Gottlieb never called me or Defendants to seek their consent to having the complaint restored to the NYSDHR.

7.      Mr. Gottlieb also states in his Declaration that during a telephone call with me on or around March 14, 2008, I "never sought to convince him that no waiver had occurred." (Gottlieb Decl. ¶ 12.)  In fact, I specifically advised him that both the facts and the law did not support his theory of "waiver."  I further recall Mr. Gottlieb conceding that the law does, indeed, favor arbitration, but that he planned to make the argument anyway.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed on July 3, 2008

_____
Rosemary Joyce, Esq. (RJ-7383)