UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANDREA GRAVAGNA,

                Plaintiff,

      -against-                                 08 Civ. 5448 (LAK)

TERMINIX INTERNATIONAL, INC., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/2008

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

      This age discrimination-retaliation case is before the Court on defendants' motion to compel arbitration and stay the action.

*Facts*

      Plaintiff was hired by defendant Terminix International, Inc. ("Terminix") on February 15, 2007, at which time she signed an agreement to arbitrate any employment disputes that might arise between her and her employer. She was terminated five months later, on July 23, 2007. She claims that she was a victim of age discrimination and retaliation.

      On July 9, 2007, plaintiff filed a complaint with the New York State Division of Human Rights ("DHR"). In December 2007, the DHR informed counsel for plaintiff and Terminix that it would hold a fact-finding conference in January 2008.

      According to Mr. Gottlieb, plaintiff's counsel, he spoke with Ms. Joyce, defendants' attorney, on January 9 and told her that he intended to remove plaintiff's complaint from the DHR

2

prior to the fact-finding conference in order to commence a state court action. On the following day, he wrote Ms. Joyce and reiterated that intention, asking also that she advise him of defendants' position.[1]

On January 11, Mr. Gottlieb and Ms. Joyce spoke again. Ms. Joyce informed counsel that defendants were not interested in settlement at that time, but did not mention any arbitration agreement.[2] The reason she did not do so is simple enough – she did not learn of its existence until the following week.[3] In any event, Mr. Gottlieb on January 11 wrote to the DHR and requested that plaintiff's complaint be dismissed so plaintiff could pursue her state court remedy.[4] The DHR complied with that request on January 15, 2008.[5] Ms. Joyce first mentioned the arbitration agreement to Mr. Gottlieb on the following day,[6] although she did not know at the time that the DHR had acted on Mr. Gottlieb's request for dismissal.[7]

Despite defendants' efforts to persuade plaintiff that no state court action should be instituted in light of the arbitration clause, plaintiff's counsel eventually filed suit in New York Supreme Court, Bronx County. Defendants removed the action and filed this motion. Plaintiff resists,

---

[1] Gottlieb Decl. ¶¶ 11-12.

[2] Id. ¶ 13.

[3] Joyce Reply Decl. ¶ 4; see also Joyce Decl. ¶ 11.

[4] Gottlieb Decl. ¶ 14 & Ex. J

[5] Id. ¶ 15 & Ex. K.

[6] Id. ¶ 16.

[7] Joyce Reply Decl. ¶ 5.

arguing that defendants waived the right to arbitrate.

*Discussion*

Plaintiff first argues that defendants waived the right to arbitrate in consequence of their allegedly untimely invocation of that right coupled with prejudice to plaintiff, citing principally *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*[8] But even assuming that the standard advanced by plaintiff is correct, there was neither undue delay nor prejudice here.

As an initial matter, the relevant period of time for purposes of evaluating delay is that period during which the party that belatedly invokes an arbitration clause "avails itself of the opportunity to litigate."[9] In this case, the arbitration agreement explicitly preserved to plaintiff the right to file an administrative complaint with any state agency, thus making clear that the arbitration clause could not have been invoked to foreclose resort to the administrative remedy. In any case, defendants did nothing more than submit a position statement to a state administrative agency in response to plaintiff's complaint.[10] Thus, defendants did not avail themselves of any right to litigate. Even if they had, however, plaintiff suffered no prejudice.

Plaintiff argues that she was prejudiced because defendants' counsel did not advise her lawyer of the arbitration clause until after she had withdrawn her DHR complaint and thus irrevocably lost her right to an administrative determination. But the argument charitably may be described as silly. Plaintiff, after all, signed the arbitration agreement less than five months before she filed her

---

[8] 310 F.3d 102 (2d Cir. 2002), *cert. denied* 538 U.S. 922 (2003).

[9] *Id.* at 105.

[10] *See* Gottlieb Decl. ¶¶ 4, 6.

4

DHR complaint. If she forgot or failed to advise her counsel about it, she has only herself to blame. Moreover, the impetus for dismissing plaintiff's administrative complaint was entirely her own, not defendants'. It was her lawyer who responded to the DHR's calling of the fact-finding conference by advising defendants that plaintiff would withdraw her administrative complaint.

Plaintiff next argues that defendants evidenced an intention to waive the right to arbitrate by "refusing" to disclose the arbitration agreement to her counsel prior to the dismissal of the DHR proceeding. But there was no refusal. Plaintiff's counsel never asked defendants. For that matter, there is no evidence that he even asked his client. In any event, defendants' counsel was unaware of the agreement and certainly did nothing to mislead plaintiff's counsel.

I have considered plaintiff's other arguments and found them all unpersuasive. Indeed, they are entirely frivolous.

## Conclusion

For the foregoing reasons, defendants' motion to compel arbitration and to stay this action pending its outcome [DI 6] is granted in all respects save that the request for sanctions pursuant to Fed. R. Civ. P. 11 is denied without prejudice on the ground that it was not made by separate motion as required by Rule 11(c)(2). The action is transferred to the suspense docket.

SO ORDERED.

Dated:   July 9, 2008

_____
Lewis A. Kaplan
United States District Judge